This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41103**

**TAMMY CHAVEZ and CHRISTOPHER CHAVEZ,**

     Plaintiffs-Appellants,

v.

**STEPHEN BENAVIDEZ and PHILLIP BENAVIDEZ,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Grace B. Duran, District Court Judge**

Carrillo Law Firm, P.C.
Raúl A. Carrillo, Jr.
Las Cruces, NM

for Appellants

Stephen Benavidez
Las Cruces, NM

Pro Se Appellee

Kenneth L. Beal, P.C.
Kenneth L. Beal
Las Cruces, NM

for Appellee Phillip Benavidez

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Plaintiffs appeal from the district court's final judgment and decree. We issued a calendar notice proposing to affirm. Plaintiffs have filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Issue I: In their memorandum in opposition, Plaintiffs continue to argue that the district court's failure to grant the property to them "results in manifest injustice" and allows Defendants to recover a significant windfall. [MIO 4-8] We proposed to affirm on the grounds that Plaintiffs had not demonstrated that they were entitled to specific performance because the jury found that no contractual agreement existed between the parties and because Plaintiffs had not shown which legal theory would entitle them to retain possession of the mobile home and land when no contract existed. [CN 1-5]

**{3}** Despite Plaintiffs' many assertions that "the appropriate and equitable remedy would be to enforce the terms of the promise made by [Defendant] Stephen Benavidez and sell the Plaintiffs the trailer," [MIO 4] they have provided no new facts or authority to demonstrate that this approach is, in fact, the most appropriate or that they are entitled to specific performance. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *Curry v. Great Nw Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). As discussed in our proposed disposition, although the jury found that a promise existed between the parties, it found that no contract existed, and as such, Plaintiffs were not entitled to specific performance. [CN 3-4] Despite Plaintiffs' assertion that they understood the promise to mean that an agreement had been made to purchase the land and mobile home, they still do not clarify under which legal theory they would be allowed to retain possession of the property in the absence of a contract. [MIO 6; CN 4-5] Plaintiffs' conclusory statements regarding the judgment being "manifestly unjust" if it is allowed to stand, does not demonstrate error by the district court. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (internal quotation marks and citation omitted)).

**{4}** Issue II: Plaintiffs also continue to assert that the district court erred when it entered its final judgment, which reflected the jury's verdict awarding them $9,500, because it did not credit them the full amount of their payments to Defendants. [MIO 9-16] Specifically, Plaintiffs contend that the jury's award of monetary damages was not supported by substantial evidence. [MIO 14-15] We proposed to affirm on this issue because Plaintiffs did not provide us with sufficient information about what evidence was presented to the jury regarding damages. [CN 6-7] Although Plaintiffs have provided some more detail about the payments they made and when, we remain unpersuaded. [MIO 9-14] The additional information provides that Plaintiffs made $850 payments each month for approximately five years amounting to $50,700. [MIO 9-11] In addition, Plaintiffs explain that they "had invested approximately $15,000-$20,000 in improvements and maintenance to fix the property at issue." [MIO 11] However,

Plaintiffs provide no more information regarding these payments other than to state that $3,711.88 went to pay for a shed that was installed on the property. [MIO 11]

**{5}** Although Plaintiffs state that the evidence was uncontroverted, which made the jury's award improper [MIO 14-15], it is the function of the jury to weigh the evidence and credibility of the witnesses. *See Strickland v. Roosevelt Cnty. Rural Elec. Co-op.*, 1980-NMCA-012, ¶ 24, 94 N.M. 459, 612 P.2d 689 ("In a jury trial, the credibility of a witness is the sole function of the jury."). "The jury may even find against a party on his own uncontradicted and unimpeached evidence." *Id.* "A fact is not admitted or undisputed merely because it has not been contradicted because the question of credibility is for the jury." *Id.* "The general rule is that evidence given by an interested witness, even though uncontradicted, presents an issue to be determined by the jury." *Id.* As such, the jury was free to reject the evidence Plaintiffs presented regarding their monetary damages. Accordingly, we conclude that the district court did not err when it entered a judgment that reflected the monetary damages awarded by the jury.

**{6}** Finally, Plaintiffs argue that it would be a grave injustice to allow the verdict to stand because the jury's award "is so against the weight of evidence." [MIO 14] Plaintiffs cite to the test set forth in *Morga v. Fedex Ground Package System, Inc.*, 2022-NMSC-013, 512 P.3d 774, to determine whether the jury's award is out of proportion to the injury. [MIO 14-15] *See id.* ¶ 17 (explaining that "[t]he jury's award is excessive if (1) the evidence, viewed in the light most favorable to the plaintiff, does not substantially support the award, or (2) there is an indication of passion, prejudice, partiality, sympathy, undue influence, or a mistaken measure of damages on the part of the fact[-]finder" (alterations, internal quotation marks, and citation omitted)). Plaintiffs, however, have not shown how the jury's award was not supported by substantial evidence other than to argue that the verdict "is based . . . solely on guesswork or conjecture" without providing more specific details. [MIO 14] Nor, have they demonstrated how the jury was influenced such that the verdict should be overturned. *See Hennessy*, 1998-NMCA-036, ¶ 24. As such, we are unpersuaded by Plaintiffs' conclusory statement that the "the[] only way for the jury to have reached the monetary award which they granted was by a mistake in the calculation of the damages or by disregarding the evidence presented and basing their monetary award on some factor outside of the evidence presented." [MIO 16] *See Hennessy*, 1998-NMCA-036, ¶ 19 (explaining that "[w]hen the jury makes a determination and the district court approves, the amount awarded in dollars stands in the strongest position known in the law" (alteration, internal quotation marks, and citation omitted)); *id.* (explaining that [t]aking the respective roles of the judge and jury into consideration, this Court will not disturb a jury's verdict except 'in extreme cases'").

**{7}** For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's final judgment and decree.

**{8} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**